**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4500**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OMOTAYO AKINTO, a/k/a John Bola Owode,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:18-cr-00085-PJM-1)

Submitted: April 18, 2019                                    Decided: May 9, 2019

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Justin Eisele, MIRRIAM Z. SEDDIQ, LLC, Upper Marlboro, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Dana J. Brusca, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omotayo Akinto seeks to appeal his sentence following his guilty plea to illegally reentering the United States after having previously been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). In his sole claim on appeal, Akinto argues that the district court imposed an illegal order of restitution in his case. The Government contends that we should dismiss the appeal, because Akinto knowingly and voluntarily waived the right to appeal his sentence.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). *United States v. Archie,* 771 F.3d 217, 221 (4th Cir. 2014). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. *Id.* Whether a defendant validly waived his right to appeal is a question of law that we review de novo. *United States v. Blick,* 408 F.3d 162, 168 (4th Cir. 2005). "Generally ... if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy,* 895 F.3d 358, 362 (4th Cir.) (internal quotation marks and citation omitted), *cert. denied,* 139 S. Ct. 494 (2018).

Upon review of the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Akinto knowingly and voluntarily waived his right to appeal his sentence, and the issue he seeks to appeal falls within the scope of the waiver. Contrary to Akinto's argument on appeal, the district court did not order restitution in his case. Rather, the district court imposed a special condition of supervised release that

2

required Akinto to make payments on the orders of restitution imposed in his prior criminal cases. *See United States v. Mitchell,* 429 F.3d 952, 962 (10th Cir. 2005) (providing that, in ordering the defendant to pay previously imposed restitution as a special condition of supervised release, the "district court did no more than insist that [the defendant] comply with preexisting court orders, which is simply a requirement that she obey the law, not an order of restitution"). Because Akinto waived his right "to appeal whatever sentence is imposed (including the right to appeal any issues that relate to . . . the decision whether to impose and the calculation of any . . . term or condition of supervised release)" (J.A. 9-10),[*] we enforce the appellate waiver in this case and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] "J.A." refers to the Joint Appendix filed by the parties.